FAJARDO

*v.*

COLOSO.

San Juan, Law, No. 1161.

RE SUPERSEDEAS BOND ON APPEAL.

Supersedeas—Bond.
      Appellate rules in the first circuit provide for a smaller supersedeas bond where the property in controversy necessarily follows the suit. Where the plaintiff has an attachment, he is not entitled to greater security on appeal than he had before.

Opinion filed July 10, 1917.

Fajardo v. Coloso.

*Mr. F. H. Dexter* for appellant Coloso.

*Messrs. Willis Sweet* and *Miles M. Martin,* United States District Attorney, for appellee Fajardo.

HAMILTON, Judge, delivered the following opinion:

The question comes up on the amount of the supersedeas. Rule 13 of the circuit court of appeals for this first circuit, as also rule 29 of the Supreme Court of the United States, provides: "Supersedeas bonds in the circuit and district courts must be taken, with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and answer all damages and costs if he fail to make his plea good. Such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree including just damages for delay, and costs and interest on the appeal; but in all suits where the property in controversy necessarily follows the suit, as in real actions and replevin, and in suits on mortgages, or where the property is in the custody of the marshal under admiralty process, or where the proceeds thereof, or a bond for the value thereof, is in the custody of the court, indemnity in all such cases will be required only in an amount sufficient to secure the sum recovered for the use and detention of the property and the costs of the suit and just damages for delay, and costs and interest on the appeal." [21 C. C. A. cxv., 78 Fed. cxv.]

This carries into effect Revised Statutes, § 1000, Comp. Stat. 1916, § 1660.

X. Porto Rico.—6.

Fajardo v. Coloso.

In the case at bar the plaintiff secured what is equivalent under the local law to an attachment, in order to secure effectiveness of the judgment, and after some changes this resulted in an annotation in the proper registry office against the mortgage of a certain Bianchi to the defendant Sucrerie Central Coloso, securing the balance of the purchase money. The question in the case is whether this procedure amounts to one where the property in controversy necessarily follows the suit under the wording of the rule, or whether a bond for the value thereof is in the custody of the court under the rule, as provided in rule 13.

It has been held that the object of the rule and statute is to indemnify the appellee fully for all damages and costs. "It was not, however, designed to give one a better security than he had in the decree or judgment . . . . ,—indemnity for delay, not additional security for the debt." Louisville, N. A. & C. R. Co. v. Pope, 20 C. C. A. 253, 46 U. S. App. 25, 74 Fed. 1. It would seem that the security in question is within the spirit, if not within the meaning, of the rule. The plaintiff, in order to secure his proposed judgment, obtained from the court an order which amounts to an attachment of a certain mortgage interest. It has been held that an appeal or supersedeas does not dissolve an attachment levied in the main suit. Russia Cement Co. v. Le Page Co. 174 Mass. 349, 55 N. E. 70. Consequently it would seem that the attachment, not being dissolved, must remain a security for the judgment in case of affirmance.

It is quite true that if the attachment is invalid the plaintiff ought not to suffer. In such case he would in effect be in the same class as a plaintiff who had no security, whether by

law, judgment, or contract. If the plaintiff in the case at bar could show that the attachment is void, the court would see that he had proper security afforded by a supersedeas bond for his whole judgment. This has not been done, the plaintiff merely saying upon argument that he is not satisfied with some features of the attachment.

There remain two matters for consideration. The rule provides that, unless judgment is "for the recovery of money not otherwise secured," the bond shall be for the whole amount of the judgment. The judgment in this case is for the recovery of money, and is secured ex hypothesi by the attachment ordered by this court, unless the judgment itself makes some change in the security originally afforded by the attachment. Is there any such change? In Drake on Attachment, § 224a, it is said that the lien of the attachment becomes merged in that of the judgment when the plaintiff obtains a judgment which is a lien upon the property attached. If the judgment in this case conferred a lien, this rule, if applicable in Porto Rico, would merge that of the attachment. But there is no lien afforded by a judgment in Porto Rico, and the local procedure requires an execution in order to carry out the attachment, and not a venditioni exponas to enforce the lien already acquired. Act of 1905, p. —. It does not seem, therefore, that there has been any change in the situation caused by the recovery of the judgment.

In Bagley v. Ward, 37 Cal. 121, 99 Am. Dec. 256, it is held that where a judgment is rendered the lien of the attachment is merged in that of the judgment. It is perhaps not an easy thing to apply the attachment law as interpreted in the United States to the attachment law in Porto Rico to secure the effectiveness of judgments. Pilar Hermanos.

Fajardo v. Coloso.

The tendency, however, seems to be to interpret the two systems as analogous, with the difference that there is nowhere a lien upon personal property until levy; and in Porto Rico no judgment lien even upon real property until annotation in the registry of real property. The order in the case at bar affected a mortgage upon real property in Porto Rico, but with the debt held in France. Under these circumstances, did the order to secure the effectiveness of the judgment, annotated in connection with the mortgage in Porto Rico, amount to a lien upon the debt or the mortgage? It possibly did not work a lien upon the debt, that is to say, a garnishment of the debtor, because it is not framed in that aspect. It was not served upon Bianchi, the debtor. Did it amount, on the other hand, to a lien upon the mortgage? It is at least true that the registrar would not permit the cancelation or transfer of the mortgage without satisfaction of this annotation of claim by the plaintiff herein. If there is any defect (which is not decided), it is a defect which inhered in the original attachment. There is no evidence that any change has been wrought since the attachment was levied or annotated, for as seen above the judgment has effected no change in the situation by merger or otherwise. There seems to be no reason, therefore, to change the conclusion above indicated; that is, that the plaintiff, being entitled to no greater security than he had before the appeal, can now only ask that the costs, interest, and expenses be covered by the supersedeas bond.

It follows, therefore, that the objection to the motion for a supersedeas bond to cover not the principal, but only the costs of the suit, and "just damages for the delay and costs and interest on the appeal," is not well taken. The court will, however,

on account of the size of the judgment, construe these damages liberally, and will require a supersedeas bond for $12,500, retaining in force in all respects the security already existing.

It is so ordered.